UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LORENZO CAMACO TARANGO<br>a/k/a Lencho, a/k/a Lecho,<br><br>Defendant. | CR. 12-50059-02-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Lorenzo Camaco Tarango filed a motion to amend or clarify the judgment in this case. (Docket 1186). The government opposed defendant's motion. (Docket 1198). For the reasons stated in this order, defendant's motion is denied without prejudice.

**ANALYSIS**

By the judgment filed on November 26, 2013, the court imposed a period of incarceration of "120 months, concurrently with Morgan County Court, Fort Morgan, CO, Case Number 11CR52."[1] (Docket 810 at p. 2). In 2015, the defendant filed a motion to correct his sentence. (Docket 977). Mr. Tarango

---

[1]At sentencing, the court's oral pronouncement of judgment stated that Mr. Tarango's 120-month term of incarceration was "to run concurrent with the sentence in Morgan County Court at Fort Morgan, Colorado, in that Court file 11CR52." (Docket 1095 at p. 12:7-9). The written judgment is consistent with the court's oral pronouncement of sentence.

sought resentencing and a directive that the federal sentence run concurrent with a State of Colorado sentence. Id. The court ruled it did "not have authority to compel the State of Colorado to run the state and federal sentences concurrently. The only authority possessed by this court is to require the United States Bureau of Prisons ["BOP"] to run the federal sentence concurrent with the state sentence." (Docket 981 at p. 1). For that reason, Mr. Tarango's 2015 motion was denied. Id. at p. 2.

In his present motion, Mr. Tarango, appearing *pro se*, asks the court to either amend or clarify the federal judgment with "regards [to] his concurrent sentence." (Docket 1186 at p. 1). In the alternative, Mr. Tarango moves for a reduction in sentence "pursuant to U.S.S.G. § 5G1.3 for a period of imprisonment that will not be credited by the [BOP]." Id.

Mr. Tarango was arrested on March 7, 2011, by law enforcement in the State of Colorado and "charged with unlawful possession with intent to distribute/manufacture marijuana . . . and unlawful possession of greater than 12 ounces of marijuana." Id. at p. 2. Following his conviction, the state court sentenced Mr. Tarango to five years on the distribution conviction and 18 months on the possession conviction, with the state convictions to be served concurrently.[2] Id.

---

[2]The details of these convictions are stated in the presentence investigation report ("PSR") in this case. PSR ¶ 42. The PSR was not filed in CM/ECF but is available to government counsel and the BOP.

Mr. Tarango was transferred to federal custody in CR. 11-50090, Docket 74, (D.S.D. 2011) on April 18, 2012. That federal case was dismissed on June 19, 2012, id. at Docket 79, after an indictment was issued on May 15, 2012, in CR. 12-50059, Docket 3 (D.S.D. 2012).[3]

Mr. Tarango argues that "[b]y virtue of Title 18 U.S.C. § 3584(a) and U.S.S.G. §[]5Gl.3[,] the Court has authority and discretion to order that his Federal Sentence run concurrently with his Colorado State sentence and/or to order a credit against his Federal Sentence for the time he served on the State sentence." (Docket 1186 at p. 3). Mr. Tarango submits he "has exhaust[ed] the administrative remedies in order to correct or clarify the judgment of his sentence in the way that should be carried [out]." (Docket 1186 at p. 4) (referencing Docket 1186-4).

> The defendant asserts:
>
> Given the circumstances that Mr. Tarango was initially arrested by the State of Colorado [on] March 7, 2011, and that (AUSA) Mr. Mc[B]ride acknowledges that both cases could have been charged in a one count conspiracy, in fairness, this Court may exercise its discretion and give Mr. Tarango credit for the nineteen[] . . . months spent in federal jurisdiction awaiting for sentenc[ing] this being since April [18,] 2012, until November 15, 2013, the day that Mr. Tarango was sentenced to a term of 120 months imprisonment to run concurrent with his state sentence already imposed. Or in fact Mr. Tarango, request[s] . . . this Honorable Court to grant a full retroactive prior custody credit since March 7, 2011.

Id. at p. 5. Instead of granting credit Mr. Tarango believes he is entitled to, defendant asserts the BOP only gave him credit since April 16, 2014, the date

---

[3]All future citations in CM/ECF will refer to the 2012 case.

when the Colorado state sentence was completed.  Id.   In the event the court does not agree with his argument, Mr. Tarango asks for a sentence reduction pursuant to U.S.S.G. § 5G1.3 for the period of incarceration which is not being credited by the BOP.  Id. at p. 6.

The government opposes defendant's motion.  (Docket 1198).  "Because the determination as to whether a [d]efendant is to receive credit for time served is to be made by the [BOP], and [Mr. Tarango] . . . has not exhausted his administrative remedies," the government argues the "motion should be denied."  Id. at p. 2.  The government submits Mr. Tarango "failed to submit evidence or documentation that any claim filed with the [BOP] was ever adjudicated, let alone denied."  Id. at p. 3 (referencing Docket 1186-2).

While the inmate request section of the Inmate Request to Staff is completed, the government contends "the disposition portion of the form is not completed, indicating that the [BOP] had not officially resolved the [d]efendant's request, let alone denied it."  Id. at p. 4 (referencing Docket 1186-2).  For that reason, the government argues "any such determination is not ripe for review by this Court as a habeas petition under 2[8] U.S.C. § 2241."  Id. Additionally, the government argues Mr. Tarango's request for credit back to March 7, 2011, was not included in his Inmate Request to Staff form and cannot be considered because that claim has not been administratively exhausted with the BOP.  Id.

4

In the alternative, the government argues the BOP is planning to give Mr. Tarango credit for the 19 months prior to the date of the federal sentencing. Id. at p 6. The government contends the computation sheet shows the BOP's "projected release date for the Defendant is April 23, 2022, which is essentially nineteen months prior to the full 120 month sentence release date." Id. (underlining and italics omitted; referencing Docket 1184-4 at p. 2). For this reason, the government asserts defendant's motion is moot. Id.

In his reply brief, Mr. Tarango argues he intended to resolve the problem with the BOP but the BOP does not understand the way the federal sentence was to be carried out. (Docket 1200 at p. 2). Even though he requested a *nunc pro tunc* designation from the BOP, Mr. Tarango states he never received a response. Id. Instead of giving him full credit for the state court sentence served, Mr. Tarango submits he only received 100 "Willis" days' credit.[4] Id. at p. 4. This is incorrect according to Mr. Tarango because he should receive credit for the time period of April 18, 2012, to the date of his federal sentencing, November 15, 2013, that is, 18 months. Id. at p. 6.

---

[4] Named after a rule outlined in Willis v. United States, 438 F.2d 923 (5th Cir. 1971), "an inmate is . . . 'entitled to receive Willis credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins.'" Carr v. Willis, No. CIV 12-4097, 2013 WL 4432242, at *2 (D.S.D. Aug. 14, 2013) (citing Edison v. Berkebile, 349 F. App'x 953, 956 (5th Cir. 2009) (quoting BOP Program Statement 5880.28, Sentence Computation Manual, 7/19/99, p. 1–22).

The BOP created a multi-tiered administrative system to review inmate complaints. See 28 CFR § 542.10-19. This program is entitled the Administrative Remedy Program ("Program"). Id. § 542.10 ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his . . . own confinement.").

The inmate must first submit a request for informal resolution with the institution's staff. Id. § 542.13(a) ("[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."). If unsatisfied with that step, the inmate must appeal the request to the warden. Id. § 542.15(a). If unsatisfied with the warden's response, the inmate must appeal the adverse decision to the regional director. Id. Finally, if the regional director denies the inmate's request, the inmate must file an appeal with the Office of General Counsel of the BOP. Id. "Appeal to the General Counsel is the final administrative appeal." Id.

Mr. Tarango complains the prison staff never responded to his request. (Docket 1200 at p. 2). The Program provides for this type of problem. Once an inmate request is "logged into the Administrative Remedy Index" a "response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." Id. § 542.18. "If the inmate does not receive a response

6

within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

The inmate is required to appeal to the next level within the time period permitted at each step. See id. § 542.14(a) ("The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request . . . is 20 calendar days following the date on which the basis for the Request occurred."); § 542.15(a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel within 30 calendar days of the date the Regional Director signed the response.").

"The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his sentence." United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) (referencing United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Moore, 978 F.2d 1029, 1031 (8th Cir. 1992)). "Prisoners are entitled to administrative review of the computation of their credits . . . and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241." Id. (referencing 28 CFR §§ 542.10-542.16; Wilson, 503 U.S. at 335; United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004)). "These are the proper avenues through which [a defendant] may resolve any

7

dispute about the length of his time in state custody." Id.  Before the federal court may decide defendant's claim, he must first "properly exhaust[] his administrative remedies."  United States v. Callahan, 800 F.3d 422, 426 (8th Cir. 2015) (referencing Tindall, 455 F.3d at 888; 28 CFR §§ 542.10-542.16).

Mr. Tarango presents no verification that he exhausted his administrative remedies within the BOP.  Moreno v. Longley, No. CIV 09-4044, 2009 WL 1578641, at *1 (D.S.D. June 3, 2009).  "As a general rule, a federal inmate must first properly exhaust his administrative remedies before he may seek judicial review, through a habeas corpus petition under 28 U.S.C. § 2241, of BOP decisions regarding the execution of the inmate's sentence."  Christian v. Willis, No. CIV 14-4020, 2014 WL 3697991, at *4 (D.S.D. July 24, 2014) (referencing Tindall, 455 F.3d at 888).  Mr. Tarango's claim is not ripe for judicial review because he has not exhausted the administrative remedies within the BOP before filing the present motion.

Under the United States Sentencing Guidelines, the court is authorized to "adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment [relevant conduct under subsections (a)(1), (a)(2) or (a)(3) of § 1B1.3] if the court determines that such period of imprisonment will not be credited to the federal sentence by the [BOP]."  U.S.S.G. § 5G1.3(b)(1).  Mr. Tarango's request for the court to invoke § 5G1.3 is premature.  The court has not heard the final word from the BOP regarding Mr. Tarango's request for an adjustment to the term of his BOP sentence.

Accordingly, it is

ORDERED that defendant's motion (Docket 1186) is denied without prejudice.

Dated April 2, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE